**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | No. |
| MACRONET GROUP, LTD., an Illinois corporation d/b/a SPARTAN TECHNOLOGIES; and JIM AYYAD, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

## <u>Complaint</u>

Microsoft Corporation ("Microsoft") brings this action against Defendants Macronet Group, Ltd., an Illinois corporation d/b/a Spartan Technologies, and Jim Ayyad, an individual (collectively "Defendants") alleging that they engaged in copyright and trademark infringement; false designation of origin, false description and representation; and unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## <u>The Parties</u>

1.       Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington.  Microsoft develops, markets, distributes and licenses computer software.

2.       Upon information and belief, defendant Macronet Group, Ltd. is an Illinois corporation that does business as Spartan Technologies on Internet websites and in locations including Palatine, Illinois ("Macronet Group, Ltd.").  Macronet Group, Ltd. is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software, including purported Microsoft software.

3.      Upon information and belief, defendant Jim Ayyad, an individual, is an owner, operator, officer, shareholder, and/or otherwise controls Macronet Group, Ltd.  Upon information and belief, Jim Ayyad resides and transacts substantial business in this district. Upon information and belief, Jim Ayyad (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.

**Jurisdiction**

4.      This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Illinois pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

**Venue**

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendants reside in the Northern District of Illinois, and/or (b) a substantial part of the events giving rise to Microsoft's claims occurred in the Northern District of Illinois.

**Facts Common To All Claims**

7.      Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs.  Microsoft's software programs are recorded on discs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, and other components.

8.      Microsoft Windows 7:  Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows 7 ("Windows 7").  Windows 7 is an operating system for desktop and laptop systems.  Microsoft holds a valid copyright in Windows 7 (including user's reference manuals, user's guides, and screen displays) that was

duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows 7, bearing the number TX 7-009-361, is attached hereto as Exhibit 1 and is incorporated by reference.

9.      Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A.      "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B.      "WINDOWS," Trademark Registration No. 1,872,264, for computer programs and manuals sold as a unit;

C.      COLORED FLAG DESIGN, Trademark Registration No. 2,744,843, for computer software; and

D.      "COLORED FLAG START BUTTON, Trademark Registration No. 3,361,017, for computer software.

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated by reference.

**Defendants' Infringement**

10.     Defendants advertised, marketed, installed, offered and distributed unauthorized copies of Microsoft software, infringing Microsoft's copyrights, trademarks and/or service mark.

11.     On information and belief, Defendants advertise that the computers they sell come installed with Microsoft software, and in their advertisements, Defendants misappropriate and/or infringe Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark.

12.     Defendants actually have been distributing infringing copies of Microsoft software.

13.     By means including a letter dated May 23, 2014, Microsoft warned Defendants about the consequences of making and distributing counterfeit and infringing copies of Microsoft

- 3 -

software. The letter informed Defendants that they should not, among other things, make unauthorized copies of Microsoft software on refurbished computers.

14. Nevertheless, in or about October 2014, Defendants distributed to an investigator refurbished computer systems with unauthorized copies of Windows 7 installed.

15. On information and belief, this is not an isolated incident. Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities.

16. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service mark.

17. On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and unauthorized use of Microsoft's copyright-protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

## First Claim

## [Copyright Infringement – 17 U.S.C. § 501, et seq.]

### Against All Defendants

18. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19. Microsoft is the sole owner of Microsoft Windows 7, and of the corresponding copyright and Certificate of Registration.

20. Defendants have infringed the copyrights in Microsoft's software, including but not limited to Microsoft Windows 7, by advertising, marketing, installing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

21.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

22.     As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement.  17 U.S.C. § 501.  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

23.     In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

24.     Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

25.     Microsoft is also entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505.

**Second Claim**

**[Trademark Infringement – 15 U.S.C. § 1114]**

**Against All Defendants**

26.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 25, inclusive.

27.     Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114(1).

28.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

29.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs or services of Microsoft.

30.     The infringing materials that Defendants have and are continuing to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

31.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

32.     Upon information and belief, Defendants advertised, marketed, installed, offered or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

33.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

34.     As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement.  15 U.S.C. § 1114(1).  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  15 U.S.C. § 1117(a).

35.     In addition, because of Defendants' infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled

pursuant to 15 U.S.C. §1117(b). Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

36.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, offered or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

37.     Microsoft is also entitled to recover its attorneys' fees and costs of suit under 15 U.S.C. § 1117.

## Third Claim

## [False Designation Of Origin, False Description And Representation –

## 15 U.S.C. § 1125 et seq.]

## Against All Defendants

38.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37, inclusive.

39.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

40.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify software or services of Microsoft.

41.     Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

42.     Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

43.     Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, installed, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation.  Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Act, set forth at 15 U.S.C. § 1125(a).

44.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

45.     As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.  Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, installed, offered or distributed by Defendants.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any

- 8 -

monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## Fourth Claim

## [Violation of 815 ILCS 505/1, et seq.]

### Against All Defendants

46.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 45, inclusive.

47.     The acts, practices and conduct of Defendants, as alleged above in this Complaint, constitute unfair or deceptive business practices in violation of 815 ILCS 505/1, et seq., in that said acts, practices, and conduct are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software and/or components used, offered, advertised, marketed, installed, and/or distributed by Defendants originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

48.     As a direct and proximate result of Defendants' acts, practices and conduct, as alleged, Microsoft has been and will likely continue to be injured and damaged.

49.     Defendants' acts, practices and conduct, as alleged, have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## Fifth Claim

## [Violation of 815 ILCS 510/1, et seq.]

### Against All Defendants

50.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 49, inclusive.

51.     The acts, practices and conduct of Defendants as alleged above in this Complaint are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the items Defendants use, offer, advertise, market, install, and/or distribute in violation of 815 ILCS 510/1, et seq.

52.     Defendants' acts, practices and conduct, as alleged, have caused and are likely to

- 9 -

continue to cause injury and damage to Microsoft.

## Sixth Claim

## [Illinois Common Law Unfair Competition]

## Against All Defendants

53.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 52, inclusive.

54.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Illinois.

55.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## Seventh Claim

## [For Imposition Of A Constructive Trust Upon Illegal Profits]

## Against All Defendants

56.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 55, inclusive.

57.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

58.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

59.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

60.     Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

**Eighth Claim**

**[Accounting]**

**Against All Defendants**

61.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 60, inclusive.

62.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

63.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

64.     The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, installed, offered or distributed by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants as indicated below:

(a)     that Defendants have infringed Microsoft's rights in the following federally registered copyright, in violation of 17 U.S.C. § 501:  TX 7-009-361 ("Windows 7");

(b)     that Defendants have infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

(1)     1,200,236 ("MICROSOFT");

(2)     1,872,264 ("WINDOWS");

(3)     2,744,843 (COLORED FLAG DESIGN); and

(4)     3,361,017  (COLORED FLAG START BUTTON);

(c)     that the infringement described in 1(a) and 1(b) was committed, at a minimum, with willful blindness and/or reckless disregard;

(d)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

(e)     that Defendants have violated 815 ILCS 505/1, et seq., 815 ILCS 510/1, et seq., and engaged in unfair competition in violation of Illinois common law; and

(f)     that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, servants, employees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)     imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), certificates of authenticity ("COAs") and/or things protected by the following copyright Certificate Registration No.:  TX 7-009-361 ("Windows 7"); or the software programs, components and/or things protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

> (1)     1,200,236 ("MICROSOFT");
>
> (2)     1,872,264 ("WINDOWS");
>
> (3)     2,744,843 (COLORED FLAG DESIGN); and
>
> (4)     3,361,017  (COLORED FLAG START BUTTON);

and any other things or works now or hereafter protected by any Microsoft trademark or copyright;

(b)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered

trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service

Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

(c)     using any simulation, reproduction, counterfeit, copy, or colorable

imitation of Microsoft's registered trademarks, service mark, or copyright including, but not

limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section

(2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for

distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of

any software program, component, EULA, COA, and/or thing not authorized or licensed by

Microsoft;

(d)     using any false designation of origin or false or misleading description or

false or misleading representation that can or is likely to lead the trade or public or individuals

erroneously to believe that any software program, component, and/or thing has been

manufactured, assembled, produced, distributed, offered for distribution, circulated, sold, offered

for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized

by or for Microsoft, when such is not true in fact;

(e)     engaging in any other activity constituting an infringement of any of

Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to

use or to exploit, these trademarks, service mark, and/or copyrights; and

(f)     assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs (a) through (e)

above.

(3)     That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17

U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software

and/or materials bearing any of Microsoft's trademarks or service mark, and any related thing,

including business records, that is in Defendants' possession or under their control;

(4)     That the Court enter an order declaring that Defendants hold in trust, as

constructive trustees for the benefit of Microsoft, their illegal profits obtained from their

distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(5)     That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a)     Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

(b)     Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

(c)     Microsoft's damages and Defendants' profits pursuant to 815 ILCS 505/1, et seq. and Illinois common law.

(6)     That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(7)     That the Court grant to Microsoft such other and additional relief as is just and proper.

41826-5022/LEGAL124265484.1

Dated:  January 8, 2015                     Respectfully submitted,


                                            By:   /s/ Jeremy L. Buxbaum

                                            Jeremy L. Buxbaum (No. 6296010)
                                            Eric D. Brandfonbrener (No. 06195674)
                                            Perkins Coie LLP
                                            131 S. Dearborn St., Suite 1700
                                            Chicago, IL 60603-5559
                                            T: (312)324-8400
                                            F: (312)324-9400
                                            ebrandfonbrener@perkinscoie.com
                                            jbuxbaum@perkinscoie.com

                                            Audra M. Mori (CA Bar No. 162850,
                                            Admitted in the N.D. Ill.)
                                            Perkins Coie LLP
                                            1888 Century Park East, Suite 1700
                                            Los Angeles, CA  90067-1721
                                            T: (310)788-9900
                                            F: (310)788-3399
                                            amori@perkinscoie.com

                                            **ATTORNEYS FOR PLAINTIFF
                                            MICROSOFT CORPORATION**

41826-5022/LEGAL124265484.1